**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA**

In re:

Kidney and Hypertension Center, PLC d/b/a
Grand Forks Clinic;
The Medical Group, LLC;
North Dakota Dialysis, LLC;
Aurora Dialysis, LLC;
Kidney Institute of North Dakota, LLC;
KDJ Investment Group, LLC;
KDJ Properties, LLC,

Debtors.

**Joint Administration Pending**

Case No.: 26-30886
Case No.: 26-30888
Case No.: 26-30889
Case No.: 26-30890
Case No.: 26-30891
Case No.: 26-30892
Case No.: 26-30893

Chapter 11 Cases

**SUPPLEMENTAL DECLARATION OF DR. KHALED RABADI**

I, Dr. Khaled Rabadi, declare as follows:

1. I am the owner of Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic ("Grand Forks Clinic"), The Medical Group, LLC ("Medical Group"), North Dakota Dialysis, LLC ("ND Dialysis"), Aurora Dialysis, LLC ("Aurora Dialysis"), Kidney Institute of North Dakota, LLC ("Kidney Institute"), KDJ Investment Group, LLC ("KDJ Investment"), and KDJ Properties, LLC ("KDJ Properties," and, together with Grand Forks Clinic, Medical Group, ND Dialysis, Aurora Dialysis, Kidney Institute, and KDJ Investment, the "Debtors").

2. I submit this Supplemental Declaration in support of the Debtors' Motion for Order Authorizing Debtors to Pay Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts (the "Motion"). Doc.8. This Declaration supplements the facts attested to in the Motion. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. In the Motion, the Debtors omitted reference to any payments to insiders. I am clearly an insider and Debtors pay me a salary. Historically, I have received $50,000 per month from the Debtors, which is in line with normal compensation for physicians with my level of experience and credentials.

4. This monthly payment to myself from the Debtors is not accomplished through a traditional salary. Rather, these payments have been effected through equity draws from the Debtors.

5. For the prepetition period applicable to the Motion (October 12, 2026, through October 15, 2026), the amount owed to me by Debtors does not exceed the $17,150 priority limitation contained in 11 U.S.C. § 507(a)(4).

6. Because the prepetition amounts owed to me by the Debtors are not traditional wages, the Debtors are not seeking authorization to pay any amount owed to me prepetition.

7. Going forward, the Debtors will pay me a salary. Such salary payments are included in the budget attached as Exhibit A to the Debtors' Motion for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis (the "Budget"). Doc. 12.

8. I am the only insider to whom the Debtors owe prepetition wage obligations.

9. In the Motion, the Debtors also requested authorization to pay production bonuses to two employees, Kelly Carlson and Vanessa Kes.

10. Ms. Carlson and Ms. Kes are medical providers and W-2 employees of the Debtors.

11. The job market in the Grand Forks area is highly competitive for medical providers.

12. As a means of attracting talent, the medical providers employed by the Debtors are entitled to a guaranteed salary as well as a production bonus. If a medical provider's reputation in the community leads to more patients visiting the Debtors' clinics, and correspondingly increasing

the Debtors' revenues, such medical provider is entitled to a bonus based on revenue attributed to the provider's services which exceed a predetermined projection.

13. Due to their performance and outstanding reputations, Ms. Carlson and Ms. Kes became entitled to production bonuses, as set forth in the Motion (the "Production Bonuses").

14. Ms. Carlson and Ms. Kes became entitled to the Production Bonuses prepetition under the ordinary course of their employment arrangement with Debtors.

15. The Debtors have been paying Ms. Kes's Production Bonus in $2,000 installments each pay period.

16. To clarify the Debtors' request in the Motion, the Debtors seek authorization to pay Ms. Kes up to the $17,150 priority limitation for her Production Bonus through $2,000 payments each pay period. The Debtors reserve the right to seek further authorization to pay Ms. Kes her Production Bonus to the extent it exceeds $17,150 at a later date.

17. As further clarification, Ms. Carlson's Production Bonus is not accounted for in the Budget. Accordingly, the Debtors are not seeking approval to pay Ms. Carlson's Production Bonus at this time, but rather included it in the Motion for purposes of disclosing and identifying the amount owed. The Debtors reserve the right to seek authorization to pay Ms. Carlson's Production Bonus at a later date.

18. If they are not allowed to pay the Production Bonuses, up to the statutory priority limit, the Debtors are concerned about their ability to retain Ms. Carlson's and Ms. Kes's services. Ms. Carlson and Ms. Kes are highly-qualified individuals in a highly competitive market, and they undoubtedly have prospects elsewhere.

19. The medical providers employed by the Debtors are critical to the Debtors' business. If the Debtors lose the services of one or more medical providers, such loss would likely

directly impact the Debtors' revenues, which would reduce the amount available to creditors through the plan of reorganization.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10/22/2026

Dr. Khaled Rabadi