**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

---

In re:

Kidney and Hypertension Center, PLC
d/b/a Grand Forks Clinic,
The Medical Group, LLC,
North Dakota Dialysis, LLC,
Aurora Dialysis, LLC,
Kidney Institute of North Dakota, LLC,
KDJ Investment Group, LLC, and
KDJ Properties, LLC,

Debtors.[1]

**Jointly Administered**

Case No.: 26-30886
Case No.: 26-30888
Case No.: 26-30889
Case No.: 26-30890
Case No.: 26-30891
Case No.: 26-30892
Case No.: 26-30893

Chapter 11 Cases

---

**INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

---

Debtors Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic, The Medical Group, LLC, North Dakota Dialysis, LLC, Aurora Dialysis, LLC, Kidney Institute of North Dakota, LLC, KDJ Investment Group, LLC, and KDJ Properties, LLC filed a

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, Debtors' addresses and Employer Identification Numbers (EINs) are as follows: Kidney and Hypertension Center, PLC d/b/a Grand Forks Clinic (EIN #0821); The Medical Group, LLC (EIN #3765); North Dakota Dialysis, LLC (EIN #3768); Kidney Institute of North Dakota, LLC (EIN #6471); and KDJ Investment Group, LLC (EIN #2199), each located at 5750 S Washington Street, Grand Forks, ND 58201. Aurora Dialysis, LLC (EIN #8084) is located at 1451 44th Avenue South, Suite 104D, Grand Forks, ND 58201, and KDJ Properties, LLC (EIN #1920) is located at 645 Beacon Circle, Grand Forks, ND 58201.

Motion for Order Authorizing the Use of Cash Collateral on an Interim and Final Basis. Doc. 12.[2] Debtors served notice of the motion.

The Court held a preliminary hearing on the motion on October 23, 2026. For the reasons stated on the record and based on the argument and evidence received at the October 23, 2026, hearing, the Court finds that use of a limited sum of cash collateral during the interim period is necessary to avoid immediate and irreparable harm. More specifically, the relief provided in this Order is necessary to maintain Debtors' operations during the interim period.

**THEREFORE, IT IS ORDERED:**

1. The motion (Doc. 12) is granted on an interim basis subject to the terms and conditions in this Order. Debtors shall not use cash except as expressly authorized and permitted in this Order or by subsequent order of the Court.

2. Debtors are authorized to use not more than $639,000 of cash, including cash collateral, that may be subject to the liens of First Western Bank & Trust, Credibly, and PIRS Capital (collectively, the "Prepetition Lenders") consistent with the projections attached as Exhibit A to the motion.

3. For purposes of adequate protection, and to the extent of the use of prepetition cash collateral in which the Prepetition Lenders hold security interests, Debtors are authorized to grant to the Prepetition Lenders replacement liens, pursuant to 11 U.S.C. § 552, in Debtors' postpetition assets of the same priority, dignity, and effect as the prepetition liens, if any, on Debtors' prepetition property.

[2] The Court granted Debtors' motion to jointly administer the cases and all docket references refer to the docket of In re Kidney & Hypertension Center, PLC d/b/a Grand Forks Clinic, Case No. 26-30886, unless otherwise noted.

4. For the avoidance of doubt, Chapter 5 causes of action arising under 11 U.S.C. § 501 et seq. are excluded from the replacement liens authorized by this Order.

5. In addition, Debtors shall continue to provide reporting and inspection rights to the Prepetition Lenders and copies of all reporting provided to the United States Trustee as appropriate and as requested by the Prepetition Lenders.

6. The stay in Fed. R. Bankr. P. 6004(h) is waived, and this Order is effective immediately.

7. A final hearing on the Motion will be held on **November 5, 2024, at 1:00 p.m. (Central)** in Courtroom # 3, Second Floor, Quentin N. Burdick United States Courthouse, 655 First Avenue North, Fargo, North Dakota. The deadline to file an objection to final relief is **Wednesday, November 4, 2026**. If the Court receives no objections to the motion or if the objections are withdrawn, the Court may enter an order granting the relief requested and cancelling the hearing.

Dated: October 23, 2026.

Shon Hastings

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT